SUCCESSION OF ELIZABETH HUGHES—JOHN HUGHES et als., opponents.

| 14 | 863 |
|-----|-----|
| 106 | 507 |

The appellate court will judge from the evidence, of the value of the services rendered by the attorney of the succession.

The expenses of litigation between the heirs of an estate as to their respective rights, cannot be made a general charge against the succession.

Under the prayer for general relief in an opposition to an executor's account, and upon proof received without objection, the court may reject the executor's charge for commissions, although the opposition itself does not present such an issue.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Durant & Hornor*, for opponents and appellants. *G. L. Bright*, *W. O. Denègre* and *M. Grivot*, for appellee.

MERRICK, C. J. Two of the opponents appeal in this case, and the appellee, the executor, by answer, prays that the judgment be amended in his favor, by allowing him $960 commissions, which were rejected by the Judge *a quo*.

*Hughes, Valette & Co.* complain of the rejection of all of their claim of $1,241 allowed upon the tableau, except $181 70 paid for city taxes. The opposition to *Hughes, Valette & Co.'s* claim was made by the city, and it is now urged that the city had no interest in opposing the claim. We observe, however, that the city is placed upon the tableau as a creditor, and as the fund proposed to be distributed does not pay all the supposed debts, the city has an interest in the controversy, and is, therefore, entitled to be heard upon its opposition. The proof only establishes the item allowed by the District Judge. Sums paid by *John Hughes* unexplained, do not make proof of payment by *Hughes, Valette & Co.*, but we do not think final judgment ought to be rendered against them, as the case now stands.

*John Hughes*, tutor, opposes the allowance of $2,500 attorney's fees to *George L. Bright*, *Esq.*, for services rendered the executor. The inventory amounted to $44,955 27, and the executor charged commissions on $38,400. Now, as the attorney's fee appears quite large with reference to the inventory, which shows but few debts due the estate, we shall look into the papers of the succession, they being in evidence, in order to judge for ourselves the value of the services rendered, and in this regard we have the same advantages as the attorneys who have testified to the services, by a similar examination.

We find the attorney has filed the following papers, and obtained orders thereon, viz :

1st. Petition for an order on the Notary to produce the will for probate.

2d. Petition that the will be registered and executed.

3d. Petition that an attorney be appointed to represent the absent heirs, and for an inventory.

4th. Petition to homologate the inventory.

5th. Petition for sale of household furniture, &c.

6th. Petition for sale of slaves, and rule on heirs to show cause why they should not be sold, and a trial of the rule; it being contested.

7th. Petition of the executor's attorney in fact, to have his power of attorney registered ; and the

8th. Petition accompanying a tableau proposing to distribute $10,657 22, and the tableau having about fifty items including debit and credit sides thereof.

There appears to have been no litigation with third persons, except a suit against *Cory,* for which the attorney is allowed ten dollars. The litigation between the heirs as to their respective rights, does not become a general charge against the succession.

In the services, which we have enumerated. there does not appear to have been any matters difficult of solution or require much labor or professional skill.

It does not appear to us that more than seven hundred and fifty' dollars ought to be allowed for all the services rendered by the attorney, and this seems to us a liberal and ample compensation.

The will of the deceased gave the disposable portion to the executor. He is not, therefore, entitled to charge commission as executor. C. C. 1679. But it is said the opposition does not make this issue, and, therefore, it cannot be considered.

The opposition contains a prayer for general relief, and the proof which appears to have been received without objection, shows that the executor is not entitled to charge this sum. Judgment may be rendered upon the proof.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be amended, by reducing upon the tableau the amount allowed *George L. Bright, Esq.,* as attorney's fees, $2,500, to $750 ; and that the right be reserved the said *Hughes, Valette & Co.,* to claim in any future proceeding, or by suit, all other items of their account, except for the sum of $181 70, allowed them ; and that such judgment, so amended, be affirmed ; the appellees, *R. L. Hughes* and *City of New Orleans,* paying the costs of the appeal.