CITY OF NEW ORLEANS *v.* HEIRS OF GUILLOTTE.*

A market house is not a *locus publicus.*
The police of markets under the municipal administration is not inconsistent with their being the sub-
   jects of private ownership.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.
   *J. Livingston,* for plaintiff and appellant.   *F. Buisson* and *R. N. Ogden,*
for defendants.

BUCHANAN, J.   The plaintiff and defendants are joint owners of the Magazine
Street Market, at the corner of Magazine and St. Mary Streets, and of the
ground upon which said market is situated, in certain proportions stated in
the petition and answer filed in this cause.   The plaintiffs are desirous of ter-
minating this joint ownership by a partition, for which purpose they institute
this action.

In their petition, they allege that the property cannot be divided in kind, and
pray that it be sold at public auction, and the proceeds of sale divided between
the parties in the proportion of their respective interests.

Experts appointed by the parties and by the court have reported that the
property cannot be divided in kind.

The defendants object to a partition, on the ground that the property in ques-
tion is *hors de commerce,* being destined to the public use; and in an amended
answer allege, that a certain former judgment of the Third Judicial District
Court, assigning the respective portions of the parties in this property, was in
fact a final partition of the Magazine Street Market between them.

This latter position, which is a sort of plea of *res judicata,* is manifestly un-
tenable.   The judgment of the District Court referred to was the very opposite
of a partition; for it established, instead of dissolving, a joint ownership, and
regulated the administration of the joint property.

The plea that this property is out of commerce, and cannot be the object of a
sale, appears to have prevailed with the court below, by whose judgment the
plaintiffs are referred to an action of expropriation, under Art. 2604 and follow-
ing of the Civil Code, as their proper remedy.

From this judgment plaintiffs have appealed; and their counsel has judiciously
observed, in argument, that if it be true that the property is already dedicated
to public use, the action of expropriation would be evidently unnecessary, and
the provisions of the Code cited, inapplicable.

But we have not been able to concur in the views of this case which have
brought the District Court to the conclusion that the present action cannot be
maintained.

It appears to us erroneous to style the Magazine Street Market a *locus publi-
cus.*   Market houses are not included in the enumeration of *public things,* con-
tained in Arts. 444, 445 and 446 of the Civil Code.   A market house may very
well be the subject of private ownership.   In many cities butcher's meat, fish
and vegetables are sold in shops, like any other commodity.   Even in New Or-
leans, there are to be found market houses which belong to individuals.   The po-

* This case was omitted in the Reports of 1856

lice of markets is, every where, an important part of the municipal administration, from their intimate connection with the public health. The first section of an Act to amend the Act to incorporate the city of New Orleans, approved March 14th, 1816, (Bullard & Curry, p. 101,) gave power to the Mayor and City Council " to establish one or more market places, and to determine the mode of inspection of all comestibles sold publicly, either in said market or markets, *or in other places ;* to regulate everything which relates to bakers, butchers, tavern and grocery shop keepers, and other persons keeping public houses, draymen, horse-drivers, water carriers, and slaves employed as day laborers." But from this general power of establishing markets and regulating butchers, it does not seem to follow that the city corporation must needs be the owner of all the market houses within its limits, any more than of all the bakeries and taverns, whose occupants are subjected to the same municipal supervision, or, in the language of the District Judge, " that the city alone could become the bidder and purchaser of the Magazine Street Market at a public sale, to effect the partition prayed for." The plaintiffs make no such pretension. It would be in fact glaringly inconsistent with the prayer of their petition, which is for a licitation ; and there can be no licitation without a competition of bidders. A licitation where there should be only one party privileged to bid, would be a mockery of the forms of law, and a fraud upon the rights of the defendants.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that there be judgment of partition of the property described in the petition, by public sale to the highest bidder, after legal advertisements, and upon such terms as the parties shall agree ; or, in case they cannot agree, the terms to be fixed by the District Court according to law. It is further decreed, that the costs be equally divided between the parties, plaintiff and defendant, one-half to each, with the exception of the costs of this appeal, which are to be borne by defendants and appellees.