# ESTATE OF WM. McGREGOR, DECEASED.

APPEAL BY JAMES BARTON ET AL. FROM THE ORPHANS' COURT OF ALLEGHENY COUNTY.

Argued November 8, 1889—Decided January 6, 1890.

Certain items of credit claimed in the account of trustees, for counsel fees charged and paid in the business and settlement of the trust estate,

Adjudication.

were properly disallowed on an adjudication of the account by the court below, and the accountants surcharged accordingly.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 261 October Term 1889, Sup. Ct.; court below, No. 186 September Term 1888, O. C.

On September 3, 1888, the first account of James Barton, Robert McGregor and A. J. McGregor, executors of the will of William McGregor, deceased, being the proceeds of real estate sold in proceedings in partition, was confirmed nisi. Credit was taken in said account for amount paid "Barton & Caldwell, attorneys, services, $615," and filed with said account was exhibit No. 3, which was an itemized bill for professional services rendered by Barton & Caldwell to James Barton et al., on August 3, 1888.

On exceptions filed to said account by distributees, the accountants were surcharged with $280, the amount of certain items in the said bill, OVER, J., filing the following adjudication :

The charge of $15 by the trustees' counsel for preparing and having their bond approved, is excessive; ten dollars is liberal compensation for these services. The services rendered in the collection of N. Peterman's percentage were unnecessary. She was one of the heirs, and the trustees could have protected themselves on the distribution of the fund. The charge of $15 for these services is therefore disallowed, as are also the charges of $10 for preparing quit-claim of Mary Booth, and $10 for procuring her consent to amendment. These services were rendered by counsel as attorney conducting the partition proceedings, and the charges were made in the bill filed by him, in his application for a rehearing in regard to the fixing of his fee, and were considered by the court upon that application, as being included in the fee allowed him.

In the first return of sale the trustees only reported a portion of the property as sold, and prayed for an extension of the return day as to the balance. Their counsel have charged $60 for their services in preparing the return and obtaining two orders therein. Thirty-five dollars is liberal compensation for

Adjudication.

these services, and $30 is also, for preparing the second return and obtaining the orders therein, for which $50 is charged.

The terms of sale as to N. Peterman and W. S. Barton, could have been changed upon motions without petitions, and $10 is ample compensation for all the services necessary, for which there is charged $45. Twenty-five dollars is charged for preparing petition and obtaining an order amending return as to West. Penn. R. Co.; $10 is sufficient compensation for these services. The settlements made between some of the heirs and the trustees, for which $35 is charged, was for the benefit of the heirs who had become purchasers, and they should pay for any legal services necessary. This charge cannot therefore be allowed.

The duty of having Robert McGregor's recognizance filed and approved, did not devolve upon the trustees, and the charge of $15 for these services cannot be allowed. The charges made for preparing the deeds are sufficiently large to include the services necessary to have them acknowledged, for which $15 is charged. This is not therefore allowed. One hundred dollars is charged for the services of counsel in attending four sales. It was not shown that there was any necessity for their attendance at these sales, and no allowance can be made for it. It would be necessary, however, for them to give general advice and instructions in regard to them, and $50 will be allowed for it. It is not part of counsel's duties to procure purchasers, and the charge of $10 for these services cannot be allowed. Ten dollars are charged for services recording mortgages and in re deed West. Penn. R. Co., and $20 for services in connection with purchase of West. Penn. R. Co. Nothing should be allowed for depositing mortgages in the recorder's office for record, and as to the West. Penn. R. Co., purchase, the trustees have not yet accounted for the purchase money. The evidence does not show satisfactorily the value of the services, and it may be if necessary, they were made so by the trustee's negligence. These charges are therefore disallowed now, without prejudice to a claim being made therefor hereafter.

To the foregoing adjudication the accountants filed exceptions which on hearing thereof before the court in banc were overruled, and a final distribution ordered accordingly. There-

upon the accountants took this appeal, assigning the overruling of their exceptions and the confirmation of the adjudication as error.

*Mr. A. J. Barton* (with him *Mr. J. M. Caldwell*), for the appellants.

*Mr. John G. Bryant*, for the appellees, was not heard.

PER CURIAM:

The decree is affirmed and the appeal dismissed at the costs of the appellants.

Decree affirmed.