## In re MICHAEL GLYNN'S ESTATE.

Submitted on briefs April 9, 1894.   Affirmed April 14, 1894.

No. 8696.

**Expenses in the administration of a decedent's estate.**

The expenses of one in looking out for his own interest in a decedent's estate cannot be allowed as an expense of its administration.

**Expenses of hunting for next of kin, not allowed.**

Nor can there be so allowed the expenses of one of the heirs or next of kin, incurred after an administrator appointed, in hunting up other heirs or next of kin.

Appeal by Hazen M. Parker, administrator of the estate of Michael Glynn, deceased, from a judgment of the District Court of Hennepin County, *Charles M. Pond*, J., entered November 14, 1893, disallowing his claim for the expenses of his agent Peter Glynn in looking after the property of the estate and hunting up the next of kin.

Michael Glynn died intestate March 8, 1890, in Hennepin County leaving a brother Peter Glynn, a sister Mary Salmon, and two nephews Henry Anderson and John J. Anderson, children of Catharine, a deceased sister, his next of kin and sole heirs at law.   He left estate appraised at $1,973.26.   On June 3, 1890, Hazen M. Parker was appointed administrator of the estate.   He performed the duties of the office and on June 28, 1892, presented his final account for settlement.   He included therein $160 paid to Peter Glynn for his expenses in coming from his home in Carteret, New Jersey, to Minneapolis in April, 1890, and remaining until the administrator was appointed.   His account also included $180 paid Peter Glynn for expenses on a trip to Ireland to hunt up Mary Salmon and the two Anderson children.   She and they appeared by attorney and opposed these two items.   The Probate Court allowed $300 thereof.   Mrs. Salmon and the Andersons appealed therefrom to the District Court where both items were disallowed. The administrator thereupon appealed to this court.

*Hazen M. Parker*, pro se, cited *Mann* v. *Lawrence*, 3 Bradf. 424; *Mett's Appeal*, 1 Whart. 7; *Wall's Appeal*, 38 Pa. St. 464; *Barney* v. *Saunders*, 16 How. 535; *Mason* v. *Roosevelt*, 5 John. Ch. 533.

*C. L. Lamb*, for the next of kin.

GILFILLAN, C. J.    Michael Glynn died in Hennepin county, in this state.    His brother Peter Glynn, living in New Jersey, hearing of the death, came to Minneapolis to look after the estate, and remained about two months, till an administrator was appointed. He paid out for railroad fares, board, and other expenses about $160.    Afterwards, by the advice of the administrator, he went to Ireland to ascertain the whereabouts of other heirs or next of kin, and was gone about two months, expending in traveling and other expenses about $180.    And he also claims his time was worth $50 per month.    The court below finds that he rendered the services on his own account, and the estate was in no way benefited by them.

The question is, were these items proper charges by the administrator as expenses of administration?    We fail to see that they had anything to do with the administration.    His coming to Minneapolis was not only before there was any administrator, but was clearly in his own interest, to get what there might be for him in the estate.    His going to Ireland might be a benefit to the heirs or next of kin found by him, as it might enable them to get their share of the estate.    If so, he must settle with them.    If such items are to be allowed as expenses of administration, they must be paid before any one else, even creditors, can be paid.    If one coming from a distance to look out for his own interest in the estate of one dying here may be allowed his expenses, and especially if he may make himself a roving commissioner to hunt up others interested with him, and the cost of the hunt is to be allowed as expenses of administration, it will furnish a convenient and simple mode of using up moderate estates.

Such claims cannot be allowed.

Judgment affirmed.

BUCK and CANTY, JJ., took no part in this decision.

(Opinion published 58 N. W. 684.)