PAGET *v.* BROGAN.

Opinion delivered March 3, 1900.

PROBATE COURT—JURISDICTION.—The probate court has no jurisdiction, in a proceeding by the heirs of an estate to prevent the administrator from subjecting certain lands to the payment of debts, to audit a claim of attorney's fees for services rendered the heirs in such proceeding, and to order it paid out of the funds of the estate. (Page 524.)

Appeal from Sebastian Circuit Court.

EDGAR E. BRYANT, Judge.

STATEMENT BY THE COURT.

At the October term, 1894, of the Sebastian county probate court for the Fort Smith district, the appellee, as administrator of the estate of his deceased brother, Joseph Brogan, filed a petition, in which he represented that the estate was involved in litigation, and that it was necessary to secure the assistance of an attorney, or attorneys, and asked leave of the court to employ the same in the interests of said estate.

At the January term, 1895, the said court took up said petition to consider it, but, instead of granting it, as prayed, it made an order that the administrator should pay said Grace and Forrester for representing the creditors $100, and also that he should pay H. M. Paget and Thomas Boles a like amount for representing the heirs in said litigation .   ⸜

The administrator refused to pay Paget and Boles, and they presented their petition to the probate court for an order compelling the administrator to pay them $100. The court (a ·

new judge having been elected) denied the petition, finding that said Paget and Boles represented the heirs in a suit to recover the assets of the estate from the administrator, and holding that it was not within the power of the probate court to make the order to pay counsel for the heirs out of the proceeds of the estate while it is still in course of administration, and to the prejudice of creditors. From this decision an appeal was taken to the circuit court, which found the facts as follows: "That Boles and H. M. Paget, as attorneys for the heirs of the estate of Jos. Brogan, deceased, applied to the probate court of the Fort Smith district of Sebastian county to prevent the administrator, E. C. Brogan, from proceeding, as he was doing, to subject certain lands of the deceased to sale and payment of the estate's debts; that the court held said lands to be subject to be applied to the debts, and ordered them to be sold by the administrator for that purpose; that the heirs, by said Boles and Paget, appealed from said decision to this (circuit) court, where, the decision being again adverse to the heirs, an appeal was prayed by them to the supreme court; that, while said cause was pending on this appeal to the supreme court, the administrator filed in the probate court the petition to employ counsel introduced in evidence, upon which the probate court (trial on January 25, 1895) had the proceedings (introduced as evidence) directing $100 to be paid to attorneys Grace and Forrester, and $100 to Boles and Paget; that said Grace and Forrester had represented the administrator in all the proceedings in the cause aforesaid, and that afterwards in the supreme court they continued to and did represent the administrator, and Boles and Paget represented the heirs; that, on a special hearing in the supreme court of said cause, part of said lands were held subject to the administration, to be sold to pay debts, and a part were held not; that the administrator paid $100 to Grace and Forrester, and has refused to pay the $100 to Boles and Paget. The probate court having refused on their application in this cause to make an order requiring the administrator to pay the claim of said Boles and Paget for $100 against the estate, Boles and Paget have appealed to this court."

The court then declared the law to be that the probate

court had no jurisdiction to make the order of January 25, 1895, in so far as it directs the administrator to pay $100 to said H. M. Paget and Thos. Boles as attorneys of the heirs in said litigation," to which declaration of law the plaintiff objected and excepted. The court then rendered judgment disallowing the claim of Paget and Boles, and in all things affirming the judgment of the probate court, from which this appeal is prosecuted.

Appellants, *pro se.*

The probate court had jurisdicion in all matters relating to the estate. Sand. & H. Dig., § 1141; 34 Ark. 163. The probate court having ordered the employment of appellants, the contract is valid. 38 Ark. 139. This order, not having been appealed from, cannot be attacked on certiorari or in a collateral proceeding. 40 Ark. 175; 33 Ark. 581; 46 Ark. 260; 55 Ark. 562; 36 Ark. 256; 35 Ark. 211; 31 Ark. 471; 62 Am. St. Rep. 693, n.; 1 Woern. Adm. 328; 37 Ark. 155; 35 Ark. 205; 26 Ark. 421; 60 Ill. 110; 84 Ill. 333; 3 Coldw. 512. Appellants have [made proper application (38 Ark. 471), and the payment should be made. 34 Ark. 204.

*Geo. A. Grace,* for appellee.

The probate court had no power to order the payment of counsel who represented the heirs in a suit against the estate. 15 Ark. 97. The judgment of the probate court was without jurisdiction, and hence void. 13 Ark. 381; 16 Ark. 478; 55 Ark. 562; 55 Ark. 222; 62 Ark. 323; 61 Ark. 410; 64 Ark. 438, 443; 11 Am. & Eng. Enc. Law (2 Ed.), 1247; 65 Cal. 287; 55 Conn. 239; 14 La. Ann. 876; 131 Pa. St. 359; 2 Woern. Adm. §§ 516, 356; 1 *id.* § 153; 17 Pac. 223; 35 Ark. 180; 36 Ark. 383, 396.

WOOD, J., (after stating the facts.) The law as declared by the circuit court is correct, and its judgment must be affirmed. This court in *McPaxton* v. *Dickson,* 15° Ark. 97, said: "Where a portion of the heirs and distributees employ an attorney to contest the settlement of the executors, the probate court has no power to direct the payment of the attorney's fee by the executor of the re duary

fund of the estate; if it be a proper case for contribution by all interested in the estate, the remedy is in chancery only." We held in *Pike* v. *Thomas*, 62 Ark. 223, that the probate court had no jurisdiction over a claim against an estate for services rendered by an attorney employed by an administrator to prosecute a suit on behalf of the estate. *Tucker* v. *Grace*, 61 Ark. 410; *Bryan* v. *Craig*, 64 Ark. 438–43. *A fortiori* would it be utterly beyond the power of the probate court, in a proceeding by the heirs before said court to prevent the administrator from subjecting certain lands to pay debts, to order and audit a claim of attorney's fees for services rendered the heirs in such proceeding. The administrator as a trustee represents all parties interested in the estate, heirs as well as creditors. Probate courts can authorize the employment of counsel by the administrator, in the necessary protection of the estate in his hand, and may allow fees for such services rendered the administrator to protect and preserve the estate, as necessary expenses of administration. But such a thing as allowing or directing fees to be paid out of the estate to attorneys, whether employed by the heirs or "by the court," in a suit against the administrator, is without authority to support it. Creditors are beneficiaries, as well as heirs. "No allowance will be made for the fees of counsel in litigation between beneficiaries of the estate, or for services rendered to any individual beneficiary." 11 Am. & Eng. Enc. Law (2 Ed.), 1247; *Matter of Marrey*, 65 Cal. 287; *In re Simons*, 65 Conn. 239; *Hughes' Succession*, 14 La. Ann. 876; *McGregor's Estate*, 131 Penn. St. 359; 2 Woerner's Adm. § 516. Not only will such fees not be allowed, but the court has no jurisdiction to allow same.

Affirm the judgment.