SPRAGUE *v.* MOORE.

1. Trusts—Decree—Compensation of Solicitor.

A decree providing that, before distribution of a deceased beneficiary's interest in a trust fund, a deduction should be made for the compensation of her administrator, who was the complainant in the suit, and his solicitor, does not authorize compensation to a solicitor for one of the defendants, who, while acting primarily for such defendant, assisted the complainant as counsel.

2. Same.

Under a decree limiting an allowance to complainant to such an amount as would compensate him for certain proceedings which he had been required to take, a solicitor for one of the defendants, acting as counsel for complainant, cannot claim compensation, as complainant was under no obligation to compensate him.

3. Attorney and Client — Duty of Attorney — Benefit of Client.

An attorney's duty to his client does not require him to maintain positions which do not accord with his ideas of law and justice, although they may tend to the advantage of his client.

4. Trust Funds—Allowances—Mandatory Decree.

A decree of the Supreme Court providing that, before distribution of a trust fund, a deduction should be made from a deceased beneficiary's interest sufficient to compensate her administrator and his solicitor for their services and disbursements in certain litigation, which were to be allowed by the court on final accounting, and that the court should also make a reasonable allowance out of the trust fund for the services of counsel and expenses in certain other litigation, is mandatory upon the circuit court.

5. Same—Directory Provisions—Appeal.

A decree of the Supreme Court which reserves the right to complainant and the trustee of an estate to apply to the circuit court, before final distribution, for special allowances for services of counsel and expenses of an accounting, is directory only, and the propriety of an allowance should be adjudged before it is made; but, if the allowance is one that

should have been held proper, it will not be disturbed because made without the approval of the court.

6. SAME—SOLICITOR'S COMPENSATION.

Where, on a bill to compel an accounting and the distribution of a trust estate, the services of complainant's solicitor are adverse, rather than beneficial, to the trust fund, he is not entitled to compensation therefrom.

Cross-appeals from Wayne; Brooke, J. Submitted February 4, 1904. (Docket No. 35.) Decided April 26, 1904.

Bill by Thomas S. Sprague against Irene Sprague Moore, as trustee, as guardian, and individually, Rollin C. Sprague, George H. Sprague, Mary A. Stofflet, Ida L. Taylor, and Gracie Deats, for an accounting, and the distribution of a trust estate. From certain allowances made on settlement of decree, all parties appeal. Modified.

*George W. Radford* and *Gray & Gray, in pro. per.* and for complainant.

*Moore & Moore,* for defendants, except Rollin C. Sprague.

HOOKER, J. This is a suit to distribute a trust created by Adeline L. Sprague, the grandmother of defendant Gracie Deats, and the mother of all the other parties in the controversy. The principles governing said distribution were determined when the case was here on a former hearing. See *Sprague* v. *Moore*, 130 Mich. 92 (89 N. W. 712). The decree rendered on that occasion contained, among other provisions, these (the letters designating the different paragraphs are inserted for the purpose of this opinion):

(*a*) " That, before such distribution of Amelia's estate [Amelia was a deceased daughter of Adeline, and one of the beneficiaries in said trust] is made, a deduction shall be made therefrom sufficient to reasonably compensate

Thomas S. Sprague, administrator, and his solicitor, for their services and disbursements, and services in this litigation, and in the litigation in the probate court for the county of Wayne in the matter of the estate of Amelia L. Sprague, and appeals therefrom to the circuit court for the county of Wayne and this court, which allowances are to be made by the court below on the final accounting in this cause."

(b) "That the right is reserved to complainant and to said trustee to apply to the circuit court, at or before the entry of the decree for final distribution herein, for special allowance for services of counsel and expenses of such accounting, as prayed for in the original bill and said cross-bill, respectively."

(c) "And it satisfactorily appearing to this court that the appointment of an administrator of the estate of Adeline L. Sprague was unnecessary, but that the complainant herein was required to take such proceedings because of the demurrer of said trustee to bill herein, and ruling of this court thereon, it is ordered that the circuit court be, and it is hereby, directed to make a reasonable allowance to complainant out of said trust fund for services of counsel and expenses of such proceedings."

Defendant trustee, complainant, complainant's solicitor, and the solicitor for defendant Rollin C. Sprague presented claims to the court below; contending that their allowance was authorized by the language above quoted. The court allowed the claim of the trustee as presented. It disallowed the claim of the solicitor for defendant Rollin. It reduced and allowed the claims of complainant and his solicitor. From that allowance, all the parties in interest appeal.

We approve the action of the court in allowing the claim of the trustee, and in reducing and allowing the claim of complainant. We do not think any useful purpose would be served by discussing the questions—which are questions of fact—involved in these claims.

The solicitor for defendant Rollin contends that he was, in effect, counsel for complainant's solicitor, and therefore his compensation, like that of complainant's solicitor, should be paid out of the trust fund. He was employed

by Rollin, and, as he testified, " acted primarily for him."
It is clear that he was not described, and it was not the
intention to describe him, as the solicitor for Thomas S.
Sprague, administrator, in paragraph "*a*" of the decree,
above quoted.　He can claim nothing under paragraph "*b*"
of said decree, for, as we shall hereafter show, complainant
is entitled to no allowance thereunder.　It was the intention
of this court to limit the allowance under paragraph "*c*",
to such an amount as would compensate *complainant* for
the steps required to be taken, specified therein.　As com-
plainant is under no obligation to compensate the solicitor
for defendant Rollin, the claim of the latter is not enforce-
able under that paragraph.　It follows that, in our judg-
ment, this claim was properly disallowed.

We think it proper to say in this connection that, in
reaching the foregoing conclusion, we have not been in-
fluenced by the suggestion in the brief of counsel for the
trustee that the solicitor for the defendant Rollin acted
against the interests of his client.　It is true that he did
maintain certain propositions which did not tend to the
financial advantage of his client.　But they were proposi-
tions which, in the judgment of counsel, were sound and in
accordance with principles of justice.　His justification
was properly stated by himself, when questioned on cross-
examination:

"I think this:　That, when I was employed to bring
about an accounting, I should bring it about on lines that
commended themselves to me.　*　*　*　I would not be
expected to advocate a particular method because it helped
him [my client], when I did not believe it was the right
one."

It would be deplorable indeed if a lawyer felt that he
was under an obligation to his client to maintain positions
which did not accord with his own notions of law and jus-
tice, simply because they tended to his client's advantage.
The lawyer owes a duty to the court, to himself, and to
society, as well as to his client; and the conduct of those
who have reached the highest positions in our profession

proves that he cannot render the most efficient service to his client if he fails in the performance of those other duties.

We come now to the claim of complainant's solicitor for allowance for compensation and disbursements. The lower court determined that the total value of the services of this solicitor for everything done by him in connection with this entire litigation was $5,000. This entire sum was allowed. One-third of it was charged to the estate of Amelia, under paragraph "a," and two-thirds of it to the trust fund created by Adeline, under paragraphs "b" and "c." In making this allowance, the trial judge proceeded upon the assumption that the duty of making this allowance under each of these paragraphs was mandatory, and that is the view of complainant's solicitor. The trustee contends that none of these paragraphs imposed a mandatory duty upon the lower court.

We think it clear that paragraphs "a" and "c" are mandatory, and we think it equally clear that paragraph "b" is only directory. It follows, therefore, that it was the duty of the lower court to make an allowance under paragraph "a" sufficient to compensate the solicitor for his services to the administrator of Amelia's estate in this litigation, and in the other litigation therein mentioned. And it was also his duty to make an allowance under paragraph "c" to compensate said solicitor for the proceedings to appoint an administrator of the estate of Adeline, and his services in connection with the demurrer therein mentioned; and it was the duty of the lower court to determine whether he was entitled to an allowance for services performed for the complainant under paragraph "b." Before an allowance could be made under paragraph "b," the propriety of that allowance should be adjudged. While the lower court did not make this adjudication, the allowance under this paragraph should not be disturbed, if, under the testimony in the case, such adjudication should be made. Before we set aside this allowance, we must determine that question.

The services of complainant's solicitor, in so far as they were performed to the advantage of complainant,— and those are the services under consideration,—were adverse, rather than beneficial, to the trust fund; and, in accordance with sound reasoning, and with all authorities brought to our attention, they are not justly chargeable to that fund. See *Attorney General* v. *Insurance Co.*, 91 N. Y. 57 (43 Am. Rep. 648); *Savage* v. *Sherman*, 87 N. Y. 277; *In re Application of Holden*, 126 N. Y. 589 (27 N. E. 1063); *Clement's Appeal*, 49 Conn. 519; *Pinckard's Distributees* v. *Pinckard's Administrators*, 24 Ala. 250; *Smyley* v. *Reese*, 53 Ala. 89 (25 Am. Rep. 598); *Price's Estate*, 81 Pa. St. 263; *Reeser's Appeal*, 100 Pa. St. 79; *McGregor's Estate*, 131 Pa. St. 359 (18 Atl. 902); *Rives* v. *Patty*, 74 Miss. 381 (20 South. 862, 60 Am. St. Rep. 510); *Hand* v. *Railroad Co.*, 21 S. C. 162; *Paget* v. *Brogan*, 67 Ark. 522 (55 S. W. 938); *Sims* v. *Birdsong's Administrator*, (Ky.) 59 S. W. 749; *Robbins* v. *Robbins*, (Ky.) 1 S. W. 152; *In re Glynn's Estate*, 57 Minn. 21 (58 N. W. 684); *Succession of Hughes*, 14 La. Ann. 863; *Trustees* v. *Greenough*, 105 U. S. 527. We conclude, therefore, that no allowance should have been made complainant's solicitor under this paragraph.

We approve the allowance made by the circuit judge for compensation under paragraph "*a.*" We also approve the allowance for disbursements under said paragraph, with this exception: The solicitors for complainant and for defendant Rollin, acting in concert, employed an accountant to investigate and report on the account of the trustee, and thereby incurred an expense amounting to $405. The trial court reduced this account to $50, and charged but one-third thereof against the estate of Amelia. We think this item of expense was properly and in good faith incurred, and that it should be allowed at its full amount, viz., $405, and one-third thereof, viz., $135, charged to Amelia's estate.

There remains to be determined the proper allowance to complainant's solicitor under paragraph "c" of said decree. He should be allowed $3.05 disbursed for advertising in the probate court. He should also be compensated for his services and disbursements in the litigation arising from the demurrer therein referred to. We must hold both counsel in fault for not clearly separating these items of disbursements, which consist of expenses in attending this court and in printing a brief, from other items. We are enabled, however, to sufficiently approximate them. For the disbursements, we think an allowance of $25 is proper, and for the services we allow $250.

The decree will be modified in accordance with this opinion. Neither party will recover costs.

The other Justices concurred.