No. 2393
Second Circuit

NEELUS B. DeBELLEVUE ET AL. v. C. P. COUVILLION ET AL.

(February 8, 1926, Opinion and Decree)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Appeal—Par. 570.**
The appellate court will not pass upon the whole judgment of the lower court when the appeal has been asked for and granted only from a part of it.

2. **Louisiana Digest—Pleading—Par. 29.**
A prayer for general relief authorizes all ordinary decrees which the pleadings and evidence may justify.

3. **Louisiana Digest—Possession—Par. 20.**
A possessor of real estate, even though in bad faith, when evicted is entitled to reimbursement for the sum which he paid for the preservation of the property.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of Avoyelles, Hon. L. P. Gremillion, Judge.

This is a suit in which the plaintiffs alleging to be the owners and in possession of a certain tract of land asked that a tax sale be declared null and enjoined the defendant, the tax purchaser and the sheriff from taking possession of the land. In the alternative they asked for the value of improvements placed upon the land and attorney's fees and expenses. There was judgment for defendant recognizing him as the owner of the property and in favor of plaintiff for the value of the improvements placed upon the property. Plaintiffs appealed.

Judgment affirmed.

Samuel Moreau, of Marksville, attorney for plaintiffs, appellees.

Bordelon and Norman, of Marksville, attorneys for defendant, appellant.

ODOM, J. Plaintiffs allege that they are the owners and in posesssion of a certain tract of land in Avoyelles parish, Louisiana, and that, on August 5, 1922, the defendant, P. Emeric Guillot, purchased the said land, or a tract claimed to be the same, at tax sale, and that said defendant brought suit in the District Court to confirm and quiet his tax title and asked to be placed in possession of the land by order of court.

They further allege that upon his application the court ordered the sheriff to seize the said land and place the said tax purchaser in possession thereof, and that unless restrained from doing so the sheriff will execute the order of the court.

Plaintiffs attack the tax sale on several grounds, and ask that the court set aside the sale, and for an injunction restraining the defendant P. Emeric Guillot and the sheriff from taking possession of the land or in anywise disturbing or ejecting them.

In the alternative, and in the event the court should hold that defendant P. Emeric Guillot's tax title is good and that he is entitled to possession of said property, one of the plaintiffs, Samuel Moreau, who is alleged to own an undivided half interest in said land, asks that the defendant P. Emeric Guillot be ordered to pay him $125.00, the value of certain improvements which he alleges he placed thereon.

They further ask for attorney's fees of $50.00 and expenses of suit, amounting to $25.00.

They pray for the issuance of an injunction, that said tax sale be declared a nullity and the tax deed erased from the records, and for judgment for $75.00 as damages.

Samuel Moreau does not specifically pray for judgment for the value of his improvements.

In answer, defendant P. Emeric Guillot admitted that he had instituted suit to quiet and confirm his tax title and to be placed in possession of said property, and especially set up the legality of his tax title and asked that it be declared valid. He especially denied that any improvements had been placed on said property as alleged.

On these issues the case was tried and judgment was rendered in favor of the defendant, P. Emeric Guillot, recognizing him as the owner of the property and ordering him placed in possession thereof, and granting judgment in favor of Samuel Moreau and against defendant P. Emeric Guillot for $125.00 for improvements placed on the land, and rejecting the claims of both parties for attorney's fees.

From this judgment the plaintiffs have not appealed.

The minutes show the following as to the appeal:

"On motion of defendant through his counsel in open court a devolutive and suspensive appeal was granted in this case returnable to the Second Circuit Court in the City of Shreveport, Louisiana, May 10, 1925, on that part of judgment decreeing judgment in favor of Samuel Moreau and against P. E. Guillot for the sum of $125.00, on defendant furnishing bond in the sum of $25.00 in the devolutive appeal and as the law directs in the suspensive appeal."

## OPINION

The main issue presented and tried in the District Court was that of title to the land in controversy, the plaintiffs, except Samuel Moreau, claiming to own an undivided half interest thereof by inheritance, and the plaintiff, Samuel Moreau, claiming to own the other undivided half thereof by virtue of a succession sale.

The defendant, P. Emeric Guillot, on the contrary, claimed to own the whole property by virtue of a tax sale dated August 5, 1922.

On this issue the judgment of the lower court was against the plaintiffs. From it none of them have appealed. Therefore that issue is not before us for determination.

The defendant P. Emeric Guillot asked for and was granted a special appeal from that part only of the judgment which condemned him to pay Samuel Moreau $125.00, the value of the improvements which he had placed on the property.

This court will not pass upon the whole judgment of the lower court when an appeal has been asked for and granted only from a part of it.

Ikerd vs. Postlewhaite, 34 La. Ann. 1235.

Laloire vs. Wiltz, 31 La. Ann. 436.

White vs. Baptist Church, 31 La. Ann. 521.

New Orleans vs. Railroad Co., 41 La. Ann. 904, 6 South. 719.

Huntington vs. Bordeaux, 42 La. Ann. 346, 7 South. 553.

Plaintiffs filed in this court a motion asking:

"That the decision rendered by the lower court sustaining the tax sale made by the sheriff to P. Emeric Guillot, should be reversed, annulled and set aside, and with the amendment that the demand of the plaintiffs be recognized and as such affirmed by your honorable court."

This prayer for amendment of the judgment could be considered by us if the judgment of which plaintiffs complain had been brought before us on appeal by the defendant; but the defendant did not appeal from that part of the judgment, for it was in his favor; he limited his appeal to only that part of the judgment which condemned him to pay to plaintiff, Samuel Moreau, $125.00, the alleged value of improvements placed upon the property by him.

Code of Practice, Article 888, provides:

"If the appellee has cause to complain of the judgment appealed from, he may, without appeal on his part, state in his answer the points on which he thinks he has sustained wrong, and may pray that the judgment be reversed with respect to them, and confirmed with costs on the rest."

But the judgment in this case of which plaintiffs complain has not been appealed from and therefore we can neither amend or reverse it for the reason that it is not before us.

Defendant appealed from that part of the judgment of the lower court awarding Samuel Moreau $125.00 for improvements placed on the property by him. He urges that the court erred in its judgment in that respect, first, because the plaintiff, Samuel Moreau, did not pray for judgment for the value of his improvements, and, second, because the improvements were not placed thereon by him in good faith, and that being a possessor in bad faith he is not entitled under the law to recover anything.

Neither contention of defendant can be maintained.

In paragraph ten of plaintiffs' petition it is specifically alleged:

"* * * that Samuel Moreau, one of your petitioners herein, an owner of the undivided one-half of said property, as alleged, has placed improvements on said property, consisting of repairs on dwelling house, building fences, amounting to the sum of one hundred twenty-five dollars, and that he is entitled to be reimbursed said amount from the said P. Emeric Guillot, and therefore claims the same from said Guillot in reconvention with legal interest from judicial demand."

This claim is made in the alternative, in case the court should hold that plaintiffs' title to the property was not good.

He did not specifically pray for judgment for this amount but ended his prayer thus:

"And petitioners pray for costs, and general and equitable relief in the premises."

The following testimony was given by Moreau and received without objection:

"I wish to further state that as co-owner of said estate that I have remained in undisputed possession of this property; that since I have owned it as purchaser I have placed repairs on it, such as the maintenance of the dwelling, outhouses and considerable building of fences, which amounts to the sum of $125.00 in case of eviction."

This testimony is not disputed.

Having specifically alleged upon this item and the testimony having been admitted without objection, plaintiff is entitled to judgment under his prayer for general relief.

The principle is thus stated in Legier vs. Braughn, 123 La. 463 (466) 49 South. 22:

"A prayer for general relief authorizes all ordinary decrees which the pleadings and evidence may justify."

Leland vs. Rose, 11 La. Ann. 69.

Lochte vs. Lefebvre, 124 La. 244 (252) 50 South. 26.

Kinder vs. Scharff, 125 La. 594, 51 South. 654.

"Under a prayer for general relief suited to the nature and justice of the case, the court may render such judgment as would be given in a new suit, to avoid the circuity of action."

See, Hennen's Digest. vol, 1, page 734, and authorities there cited.

"Where plaintiff asked for relief less extensive than that to which he is entitled but also states the facts and prays for all the relief equity would sanction, a judgment according him the relief to which he is entitled will not be changed."

Newton vs. Gray & Campbell, 10 La. Ann. 67.

Espinola vs. Blasco, 15 La. Ann. 426.

Renshaw vs. Richards, 30 La. Ann. 398.

Vincent vs. Phillips, 47 La. Ann. 1238, 17 South. 786.

Richardson vs. Weiner, 5 La. Ann. 646.

Hughes vs. Hughes, 14 La. Ann. 863.

The second objection urged by defendant, that is, whether plaintiff was in good faith or bad faith, need not be discussed or decided, as he is entitled to reimbursement for the amount he paid out in either event.

It was long since settled that a possessor of real estate, even though in bad faith, when evicted is entitled to reimbursement for the sums which he paid for the preservation of the property.

According to the testimony in this case, the amount which plaintiff claims was paid out for repairing and maintaining the houses and fences on the property.

In the case of Voiers vs. Atkins, 113 La. 303 (342), 36 South. 974, it was specifically held that such items are properly classible as expenses for the preservation of the property for which the defendant is entitled to absolute judgment.

In that case the plaintiff contended that a possessor in bad faith can claim compensation only for such improvements as are susceptible of being removed and for such expenses as have been incurred in the preservation of the property, and the court said:

"This contention appears to us to be well founded."

Mr. Justice Provosty, the organ of the court, on rehearing in that case reviewed at great length our Codal provisions, the jurisprudence of our state and the French authorities on the subject, and held, as we have already stated.

A citation of authorities on this question would be altogether useless, for in

the Voiers vs. Atkins case, supra, the authorities are cited and quoted.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.