Marie CROFT, et al. *v.* James W. CLARK, Administrator of the Estate of Walter Clark, Deceased

CA 87-383                                   748 S.W.2d 149

Court of Appeals of Arkansas
Division I
Opinion delivered March 23, 1988

*J. Larry Allen*; and *Jones & Petty*, for appellants.

*Phillip H. Shirron*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Grant County Probate Court. Appellants appeal from an order allowing attorney's fees to be assessed against the assets of the decedent's estate in the amount of $5,625 in a district court action in which the administrator was a defendant individually and in his representative capacity. We reverse and remand.

Prior to the decedent's death, appellee's name was placed on a bank account and several certificates of deposit with the decedent's name. Appellee's son and his wife also received a deed from the decedent to decedent's homestead. Appellants, heirs of Walter Clark, sued appellee in federal district court personally and in his representative capacity alleging that the decedent was incompetent at the time the transactions were made. Appellee petitioned the court for authority to hire an attorney, and the petition was granted.

The court sustained the allegations of mental incompetency. Title to the homestead and one of the certificates of deposit was vested in the estate. Title to the remainder of the certificates was vested in Marie Croft who had been on the accounts with decedent, her brother, long before appellee's name was added and prior to the decedent's incompetency. Appellee and his son were divested of all property in dispute.

Appellee submitted a statement for attorney's fees incurred in defense of the federal court action and the court ordered the fees to be paid from the assets of the decedent's estate. From that order comes this appeal.

For reversal, appellant contends that the probate court had

no jurisdiction to award attorney's fees to be paid from assets of the estate for services rendered for the benefit of the administrator and his son. Appellant argues that the appellee never made any claim on behalf of the estate, and in fact was an adversary of the estate in the federal court action because appellee's position of defending the decedent's competency benefited only the appellee and his son.

It has long been recognized that probate courts can authorize the administrator to employ counsel in the necessary protection of the estate in his hands and may allow fees for such services rendered the administrator to protect and preserve the estate. Ark. Stat. Ann. § 62-2208(d) (Supp. 1985); *Paget* v. *Brogan*, 67 Ark. 522, 55 S.W. 938 (1900). *Paget* also recognized that the court has no jurisdiction to award fees for services rendered to an individual beneficiary. *Id*. at 525, 55 S.W. at 939-40. Had appellee succeeded in defending the decedent's competency, he and his son would be the only beneficiaries of the transactions in question. The estate stood to gain nothing. It is difficult to understand how such defense was necessary to protect and preserve the assets of the estate.

In *In re Estate of Torian* v. *Smith*, 263 Ark. 304, 564 S.W.2d 521, *cert. denied*, 439 U.S. 883 (1978), the reduction of the attorney's fees was upheld where the bulk of the services was performed on behalf of the executor in his individual capacity and the action was found to be in derogation of the interests of the estate. *See, also In re Jenkins Estate*, 245 Iowa 939, 65 N.W.2d 92 (1954). Likewise, because appellee's position was in derogation of the interests of the estate as a whole, the trial court abused its discretion in ordering the attorney's fees to be paid from the assets of the estate. We therefore reverse the order of the trial court ordering that appellee's attorney's fees be paid from the assets of the decedent's estate and remand for the court to enter an order consistent with this opinion.

Reversed and remanded.

CRACRAFT and JENNINGS, JJ., agree.