OWENS *v.* GUNTHER.

Opinion delivered April 8, 1905.

ATTORNEY AND INFANT CLIENT—FEE.—Where the statutory guardian of minors had such conflicting interests in a suit involving their property that the chancery court appointed a guardian *ad litem* to represent their interests, the attorneys who appeared for the guardian *ad litem* and conducted the litigation for the minors are entitled to a judgment in the same suit against such minors for a reasonable fee,

and to have same collected as an ordinary judgment against their estate, but not to have a lien on the property itself.

Appeal from Pulaski Chancery Court.

JESSE C. HART, Chancellor.

Judgment modified.

### STATEMENT BY THE COURT.

Mary Ellen Owens, Catherine M. Owens and Margaret Owens were the owners of three lots in the city of Little Rock, worth about $8,000. Their father, E. J. Owens, also claimed to own a life estate in these lots as tenant by curtesy. He was guardian of his children named above, and had secured an order of the probate court authorizing him to mortgage the lots for the sum of $3,000 for the purpose of educating his wards. In pursuance of this order, he mortgaged his interest and the interest of his wards in these lots to E. L. Gunther for $3,000. He failed to repay the money, and Gunther brought a suit in equity to foreclose his mortgage. Owens filed an answer to the complaint, and Mary Ellen Owens, who had become of age, filed her answer by her attorneys, Rose, Hemingway & Rose.

It was suggested to the chancellor that the interests of E. J. Owens, the statutory guardian, had become antagonistic to the interests of his wards, as he claimed a life estate in this property, and the court thereupon refused to permit him to appear for his wards, and appointed a guardian *ad litem* to make defense for the two minors. Rose, Hemingway & Rose then appeared as attorneys for the guardian *ad litem,* and filed an answer for the two minors, and represented them in the action, by and with the permission of the chancery court.

The result of the litigation was that the court held that the mortgage was void as to the minors, and that E. J. Owens had no interest in the land, as tenant by curtesy or otherwise, and the complaint of the plaintiff was dismissed. Some two or three years afterwards Rose, Hemingway & Rose, by their attorney, asked and obtained leave to have the cause redocketed, and filed a petition setting out the facts in relation to their conduct of the

defense for such infants, and asked the court to allow them a reasonable compensation for their services, and require respondents Catherine M. Owens and Margaret Owens to pay the same, and that the sum allowed be declared a lien on the estate of respondents.

The respondents appeared by their guardian, and resisted the application for an allowance of an attorney's fee out of their estate. The court made the allowance against each of the respondents for a fee of $166.66, and they have appealed by their guardian from such order.

*Ratcliffe & Fletcher* and *J. A. Comer,* for appellants.

It was the duty of the court to see that the interests of the minors were protected.. 24 Ark. 371, 431; 47 Ark. 287; 60 Ark. 526. This proceeding was in the nature of an original bill to enforce a lien against the estate of minors. 158 U. S. 128; 38 Ark. 601; 47 Ark. 86; 56 Ark. 324; 64 Ark. 438; 65 Ark. 84; 68 Ark. 80. The estate was not liable. Rodgers, Dom. Rel. § 677; 11 N. H. 51; 57 Miss. 45; 81 Tex. 644; 45 S. W. 821; 31 Conn. 303; 74 Tex. 294; 35 Atl. 275; 77 Mo. 603; 67 N. W. 176.

*Charles T. Coleman,* for appellees.

The estate of the minors was liable for an attorney's fee. 57 Miss. 45; 54 N. H. 539; 74 Tex. 294; 45 S. W. 821; 31 Conn. 303; 83 Am. Dec. 151; 142 Mo. 38; 110 Wis. 572; 23 N. J. Eq. 372; 10 Col. 228; 15 Pac. 343; 57 S. Car. 305; 35 S. E. 546; 103 Wis. 397; 38 Ark. 406; 32 Ark. 92; 94 Md. 79; 57 S. Car. 305; 103 Wis. 397; 110 Wis. 572; 45 Ark. 530; 33 Miss. 154; 45 S. Car. 323; 23 S. E. 64.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment allowing attorney's fees against the two minors, appellants, and directing that the amount allowed be a lien on the lots which were involved in the litigation in which the services were performed for which pay is claimed. Counsel for appellants say that they make no contention that the services

were not well performed, or that such services did not result in great benefit to the estate of the minors. And the question presented is whether the minors are liable for such charge, and whether it can be enforced against their estate.

Now, it seems to be fairly well settled that where an infant has no guardian, his estate may be made liable for a reasonable attorney's fee, if the services rendered were for the manifest benefit of the infant, and necessary for the protection of valuable rights belonging to him. *Epperson* v. *Nugent,* 57 Miss. 45; *Baker* v. *Hibbard,* 54 N. H. 539; *Munson* v. *Washband,* 31 Conn. 303; *Jones* v. *Yore,* 142 Mo. 38; Rodgers, Domestic Relations, § 677.

This case seems to rest on the same principle; for, though the infants here had a statutory guardian, this guardian himself claimed an interest in their property as tenant by curtesy, and his interests were so antagonistic to the interests of his wards that the chancery court refused to allow him to defend for them, and appointed a guardian *ad litem* to make their defense. These petitioners appeared for the guardian *ad litem,* and conducted the litigation for the infants to a successful conclusion. As the relation of the statutory guardian of the infants to the property in litigation was such that he could not represent the interests of his wards, they were in the same position, so far as this case was concerned, as if they had no regular guardian; and we think that under the admitted facts they are liable for a reasonable attorney's fee. To that extent we think that the judgment was correct, but we do not see on what grounds the court declared the amount allowed to be a lien on the lots. We think in that respect the decree should be modified, and in all other respects affirmed.

It is so ordered.