# MARX *et al.* v. HEFNER.

No. 3877.   Opinion Filed May 18, 1915.

(149 Pac. 207.) ·

1.   **EVIDENCE—Statutes—Laws of Foreign State.** Where a contract is made in a foreign state, and the laws of such foreign state are relied upon for a recovery, such laws of the foreign state must be pleaded and proved.

2.   **CONTRACTS—Foreign Contract—What Law Governs.** Where a contract in a foreign state is sought to be enforced in another state, the lex loci contractus controls the question of the legality of the contract, unless otherwise provided in the contract, and the laws of the state where the contract was made will be observed. In determining the rights and obligations of. the parties, and effect given thereto, unless such foreign laws are irreconcilable with the local laws, or in conflict with the established policy of the enforcing state, provided that such laws of the foreign state are pleaded and proved.

3.   **STATUTES—Construction of Statutes Extending Over Indian Territory—Subsequent Decisions.** A decision of the Supreme Court of Arkansas, rendered since the laws of Arkansas were extended over the Indian Territory, where in direct conflict with the settled law of this state, "is not even persuasive."

4.   **EVIDENCE—Laws of Foreign State—Pleading and Proof—Presumption.** Where a contract, made in a foreign state, is sought to be enforced in this state, unless the laws of the foreign state be pleaded and proved, it will be presumed that the laws governing the rights of the parties under such contract are the same as the laws of this state.

4.   **EVIDENCE—Statutes—Laws of Foreign State—Pleading.** The laws of Arkansas, which were extended over the Indian Territory, are in force in this state as to rights arising under contracts entered into in the Indian Territory prior to statehood, and said · laws of Arkansas need not be pleaded or proved.

6.   **INFANTS—"Necessary" Expenses — Attorney's Fee.** Neither under an action upon an express contract, nor upon a quantum meruit, can a recovery be had against a minor in· an action at law for an attorney's fee for legal services rendered in behalf of a minor in relation to his property, without the intervention of a legal guardian, as such legal services cannot be classed as a "necessary," under the meaning of section 886, Rev. Laws 1910.

7.   **INFANTS—Action Against—Petition—Sufficiency.** A petition which seeks a recovery against a minor for legal services ren-

dered in regard to his estate upon an express contract, or upon a **quantum meruit,** based upon a contract made in a foreign state, which does not plead the **lex loci contractus** of the contract, showing such services are classed as a "necessary," does not state a cause of action.

(Syllabus by Collier, C.)

*Error from District Court, Carter County;*

*S. H. Russell, Judge.*

Action by R. A. Hefner against Moses Marx and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

This is an action, brought by defendant in error, hereinafter called "plaintiff," against plaintiffs in error, hereinafter called "defendants," to recover for legal services rendered in securing the enrollment of defendants as minor Mississippi Choctaw Indians. The contract for said services was entered into and the services rendered prior to statehood. This action was instituted August 30, 1910, tried to a jury, resulting in a verdict against each of said minor defendants in the sum of $1,000. Motion for new trial was filed within the time prescribed by law, overruled, and judgment entered in accordance with said verdict. From this judgment this appeal is prosecuted.

The first amended petition in this case upon which the same was tried, omitting the caption and signatures, is as follows:

"Come now Oswold S. Parker and R. A. Hefner, plaintiffs herein, and complaining of Moses Marx, Mariam Marx, Phillip Aaron Marx, Susan Burton Marx, and Ruby Marx, and Frank McPhail, guardian of Moses Marx, Mariam Marx, Phillip Aaron Marx, Susan Burton Marx, and Ruby Marx, defendants, and for cause of action say:

"(1) That the plaintiffs are regularly licensed attorneys at law, and were at all the dates and times hereinafter mentioned engaged in the practice of law before the Commissioner to the Five Civilized Tribes in the Indian Territory, the Department at

Washington, D. C., and before various courts of the United States.

"(2)   That said defendants and each of them were on the 18th day of July, 1906, and at the dates and times herein mentioned have been and are now, and were born citizens of the United States.   That said defendants and each of them were claimants and applicants for enrollment as allottees of certain lands in the Choctaw and Chickasaw Nations, as Mississippi Choctaws, having from one sixteenth to one sixty-fourth degree of Indian blood, under certain acts of the Congress of the United States relative thereto.

"(3)   That on the 18th day of July, 1906, the said defendants and each of them executed and delivered to these plaintiffs their certain contracts in writing, whereby they employed the plaintiffs as their attorneys to represent them before the proper tribunals and officers and to secure their enrollment as such Mississippi Choctaws, and enforce their rights as such.   That by the terms of said written instrument the said defendants and each of them jointly and severally bound and obligated themselves to pay to these plaintiffs for their services as attorneys, in cash, a sum of money equal to the market value of one-third of the land allotted to them, and each of them, and one-half of the money or other property received or to be received by them and each of them in the event of the successful termination of their application for enrollment as Mississippi Choctaws.

"(4)   That pursuant to the terms of said written instrument these plaintiffs represented the said persons and each of them before the said tribunals and officers, and procured the enrollment of each and all of said persons as Mississippi Choctaws, and procured to be allotted to each and every one of said persons an allotment of lands in the Choctaw and Chickasaw Nations of equal governmental appraised value with that of members of the Choctaw and Chickasaw Nations, and that said enrollment carried with it the right of said persons to participate in the division and partition of the unallotted lands of the Choctaw and Chickasaw Nations, and of the moneys and other property of said Choctaw and Chickasaw Nations.

"(5)   That pursuant to the terms of said written instrument these plaintiffs procured to be allotted to Moses Marx the lands described in Exhibit A; to Mariam Marx, the lands des-

cribed in Exhibit B; to Phillip Aaron Marx, the lands described in Exhibit D; to Ruby Marx, the lands described in Exhibit E—as their allotted and proportionate share of the lands of the Choctaw and Chickasaw Nations, as enrolled Mississippi Choctaws.

"(6) That each of said persons have refused to make any conveyance of any portion of the lands allotted to them to these plaintiffs, although they, under the law, could do so if they would, and each of them has refused to pay to these plaintiffs the proportion of money received by them that is now due these plaintiffs, and each of them has been duly enrolled and identified as Mississippi Choctaws.

"(7) That the reasonable market value of the lands allotted to each of the said persons is $5,000, and there is now due and owing to these plaintiffs from each of these persons the sum of $1,000; the same being one-third of the value of the lands allotted to each of them. That due demands have been made for said sums, and that the persons and each of them have failed and neglected to pay any part thereof, and plaintiffs have performed their portion of the contract in every particular; a copy of the same being attached hereto and marked 'Exhibit F.'

"(8) That each of said defendants are minors under the age of 14 years and had no legal guardian at the time the service hereinbefore alleged was performed and at the time the agreement was made for said services, but since said time Frank McPhail, of Ardmore, Okla., has been appointed the legal guardian for each of said minors by the honorable probate court of Carter county, Okla.

"(9) That each of said defendants had valuable rights involved as Mississippi Choctaws, and the plaintiffs espoused the cause of each of them and defended their rights to the protection of their property of each of them in said litigation, and as a result of the litigation an estate has been secured to each of them as hereinbefore alleged, and that the compensation provided for as hereinbefore alleged is a just and reasonable fee, and was necessary for the protection of the valuable rights of each of the said defendants; each of them residing at the time in the state of Mississippi and never moved to the Indian Territory, now Oklahoma, until after these plaintiffs had procured, through their efforts, the enrollment of each of them as Mississippi Choctaws, and the services

of the said plaintiffs were for the manifest benefit of each of said infants, and, had it not been for the efforts of these plaintiffs, the defendants would never have received the valuable estates that they have received as hereinbefore alleged.

"Wherefore, the plaintiffs pray judgment against each of said defendants in the sum of $1,000, making a total of $5,000, or such amount as may be found reasonable and just for the services herein performed under the said contract, and for their costs, for the appointment of a guardian *ad litem* to represent the said minors, and for such other relief which they may show themselves entitled to, either in law or equity."

To said petition is attached a copy of the contract sued upon, and the terms stated in said contract support the averments of the petition as to said contract as pleaded. To said petition, the defendants, by their legal guardian, demurred, upon the ground:

"That the statements made in said petition are not sufficient to constitute a cause of action against defendants."

*I. R. Mason,* for plaintiffs in error.

*Samuel W. Hayes* and *C. B. Kendrick* and *S. M. Davis* and *R. A. Hefner,* for defendant in error.

COLLIER, C. (after stating the facts as above). Motion is made by plaintiff to dismiss this cause, upon the ground:

"That defendants' brief does not contain an abstract, setting forth the material parts of the pleadings, facts, and documents upon which the case was tried, sufficient to authorize the court to decide this case without reference to the case-made."

This motion has received at our hands the most careful consideration; but, under the liberal construction as to procedure in this state, we feel that the benefit of any doubt as to the sufficiency of the presentation of the assignments of error should be given to defendant, said motion overruled, and the cause considered upon its merits.

It is averred in the petition that, when the contract sued

upon· was entered into, plaintiffs were residents of the state of Texas, and that defendants were residents of the state of Mississippi. A copy of the contract, attached to the petition as an exhibit, purports that said contract was executed in Texas, but neither the laws of Mississippi nor the laws of Texas are pleaded in the petition to show that a recovery can be had against a minor for attorney's fees, for service rendered in behalf of a minor in relation to his property, without the intervention of a guardian. Of course, if the laws of Arkansas, which were extended over the Indian Territory, authorized a recovery against a minor for attorney's fees for services rendered him in relation to his property, upon a legal contract entered into prior to statehood, it would not be necessary to plead such laws of Arkansas, if the contract sued upon was an Indian Territory contract, as the laws of Arkansas were extended over the Indian Territory.

Section 1 of the Schedule to the Constitution provides that:

·"No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place."

· The purpose of this section of the Schedule is to preserve all rights already accrued, either in action, or capable of being enforced by the ordinary remedies provided for this purpose, as effectively as if the Constitution had not been adopted. But we do not find any allegation in the petition authorizing us to hold that the contract sued upon in this action was an Indian Territory contract. However, if the petition in this case does contain any averments from which it could be held that the contract sued upon is an Indian Territory contract, we, after diligent search, have been unable to find any law of Arkansas which was extended over the Indian Territory that classed attorney's fees as necessaries, for which a minor child legally contract. ·

The case of *Owen v. Gunther,* 75 Ark. 37, 86 S. W. 851, 5 Ann. Cas. 130, upon which defendants rely to support their con-

tention that, if this contract is an Indian Territory contract, attorney's fees can be recovered for services rendered a minor in relation to his estate, not saving been decided until after the laws of Arkansas were extended over the territory, is not even persuasive that the laws of Arkansas, which were extended over the Indian Territory, authorized a recovery upon a contract, or upon a *quantum meruit,* for services rendered a minor by an attorney, without the intervention of a legal guardian, in relation to his estate. If the written contract averred in the petition alone is counted upon by defendants, the petition averring that said minors were, at the time of the execution of the contract sued upon, under 14 years of age, of course the petition does not state a cause of action; but there may be sufficient allegations in the petition, if the contract sued upon be ignored, to authorize a recovery upon a *quantum meruit,* provided a recovery can be had for the services alleged to have been performed by plaintiff for said minors. As a count upon an express contract and a count upon a *quantum meruit* may be joined in the same action, where the pleader is in doubt as to under which cause of action his relief sought lies, and the action upon the express contract and upon the *quantum meruit,* is stated in one count, there being no motion, as in the case here, to require the said two causes of action to be separately counted upon, such petition is not demurrable. *Mellon v. Fulton,* 22 Okla. 636, 98 Pac. 911, 19 L. R. A. (N. S.) 960; *King et al. v. Stephenson et al.,* 29 Okla. 29, 116 Pac. 183; *Hawley v. Wilkinson,* 18 Minn. 525 (Gil. 468); *Wagner v. Nagel,* 33 Minn. 348, 23 N. W. 308; *Plummer v. Mold,* 22 Minn. 15; *Manders v. Craft,* 3 Colo. App. 236, 32 Pac. 836. Hence we will consider, for the purpose of testing said demurrer, that the petition in this case is a good petition upon the express contract, and upon a *quantum meruit,* notwithstanding the better practice would be to count separately upon the express contract and the *quantum meruit.*

The petition fails to state where the contract was made, and fails to plead the laws of the foreign state in which said contract

was made; and it will be presumed that the laws of the state in which the contract was made are the same as the laws of the forum, controlling the trial under which the rights of the parties are to be determined.

In the case of *Hays v. King,* 143 Pac. 1142, Judge Brewer, speaking for the court, says:

"Where a contract made in a foreign state is sought to be enforced in another state, the *lex loci contractus* controls the construction of the contract, except where it provides otherwise, and the laws of the state where the contract was made will be observed, of course being pleaded when necessary, in determining the rights and obligations of the parties, and effect given thereto, unless such foreign laws are irreconcilable with the local laws, or conflict with the established policy of the enforcing state."

As the petition fails to plead where the contract was made, and the laws of such state, as to the legality of the contract, not having been specially pleaded, in the absence of such special pleas, it will be presumed that the laws of the state in which the contract was made are the same as the laws of the forum, controlling the trial under which the rights of the parties are to be determined. *Hoshaw v. Lines,* 30 Okla. 67, 120 Pac. 583, 38 L. R. A. (N. S.) 239; *Greenville Nat. Bank v. Evans-Snyder-Buel Co. et al.,* 9 Okla. 353, 60 Pac. 249.

Where a contract, made in a foreign state, is sought to be enforced in another state, it is necessary, in order that the laws of the foreign state may prevail as to the construction of the contract, that the same be pleaded and proved. In the absence of pleading that the contract sued upon was made in a foreign state, and the laws of the foreign state, the laws of the forum must prevail. In other words, the presumption is that the laws of the foreign state are the same as those of the state of Oklahoma.

Under the laws of this state, a recovery cannot be had against a minor for attorney's fees for legal services rendered

In *Grissom et al. v. Beidleman et al.*, 35 Okla. 343, 129 Pac. 853, Ann. Cas. 1914D, 599, Justice Williams, speaking for the court, said:

"We believe that the rule in New Hampshire, followed in Massachusetts and other states, should prevail here. That is, where the services pertain to the defense of the liberty or person of a minor, or the prosecution of action for an injury thereto, that the same should be classed as a 'necessary,' and an action lie against the minor for a reasonable recovery for attorney's fees; but, where the legal services are rendered in behalf of the * * * legal guardian, no recovery for such services should be had in an action at law."

As a recovery, neither upon the express contract sued upon, nor upon a *quantum meruit,* can be had under the petition in this case against said minor, the petition upon which this cause was tried does not state facts sufficient to constitute a cause of action; and the court committed reversible error in overruling the demurrer directed against said petition.

Inasmuch as the error in overruling said demurrer to the petition must result in reversing and remanding this case, we do not deem it necessary to consider the other questions presented by this appeal.

It follows that this cause should be reversed and remanded.

By the Court: It is so ordered.