STEWART *v.* HALL.

4-5512                                          129 S. W. 2d 238

Opinion delivered June 5, 1939.

*McKnight & McKnight*, for appellant.

*Tom Marlin* and *T. O. Abbott*, for appellee.

GRIFFIN SMITH, C. J. By suit in ejectment appellees sought possession of eighty acres of land they owned prior to its forfeiture in 1929 for non-payment of state and county taxes.

November 24, 1934, appellant secured a donation certificate from the State Land Commissioner, and subsequently paid taxes for 1934, 1935, 1936, and 1937, amounting to $28.56.

Information having been received by the Attorney General that the donee, in procuring his certificate, had made fraudulent representations, complaint was filed with the Commissioner in which it was alleged that a part of the land had been in cultivation within five years next preceding donation; that approximately twenty acres were fenced, and that improvements on the property exceeded in value $200. Prayer of the complaint was that the certificate be set aside, and that possession be restored to the state. The complaint was filed April 11, 1935.

April 26, 1935, the Commissioner found that the lands were not subject to donation and cancelled the certificate. On the same date his action was confirmed by the board of review.

May 17, 1935, appellees redeemed.

March 23, 1937, the donee filed proof of improvements, and the following day a deed was executed in his favor. This deed was cancelled by the Commissioner July 7, 1937, on the ground that it had been erroneously issued, the certificate having been withdrawn.

Appellees filed their suit March 21, 1936. There was answer June 24 of the same year, followed by continuances from time to time.

June 27, 1938, the cause was definitely set for November 22. The attorney who filed appellant's answer withdrew from the case. At that time appellant was advised that he should employ other counsel. This he did not do, and judgment went against him.

December 31, 1938, petition was filed to vacate the judgment. It was denied. February 18, 1939, motion for a new trial was filed and overruled, and an appeal was granted.

In his petition to vacate the judgment, appellant alleged that cancellation of the donation certificate was fraudulently obtained through false affidavits filed with the Commissioner; that appellant had at all times and in all respects complied with the donation laws; that after receiving the certificate he took possession of the property for the purpose of acquiring a home; that he had made improvements to the extent of $916.56; that he had paid taxes for four years; that appellees had not tendered payment to compensate expenditures made by appellant in good faith, and that such tender was a condition precedent to appellees' right to maintain the suit.

Condition of the record is such that we must assume the court granted the necessary time for filing motion for a new trial.

We do not think the court arbitrarily compelled the defendant to go to trial without an attorney. Litigants have a right to represent themselves, and appellant presented his own case. Every consideration seems to have been shown. Oral testimony tended to show that at the time the donation certificate was issued the lands were wild and unimproved and had been for more than five years, and were therefore subject to donation. While such testimony would ordinarily present a question for the jury, we do not think the court erred in rendering judgment for the plaintiffs.

In 1931, by Act 125, p. 347, directions were given the Attorney General, upon receipt of information that timber was being cut on lands of the state, to institute suit for recovery, and (§ 3) it was provided that "Whenever the Attorney General shall have information that any donee of state lands has violated any of the laws, or failed to comply with any of the laws relating to the donation of state lands, the Attorney General shall file a complaint with the State Land Commissioner praying for cancellation of the donation certificate. Such complaint shall

set forth the reason for the cancellation of the certificate, and a copy of it shall be served on the donee ten days before the matter is heard by the Land Commissioner. The state and donee may present affidavits as proof. If the decision of the Land Commissioner should be adverse to the donee, the donee shall have the right to appeal to the Circuit Court of Pulaski County from such decision.''

The Attorney General's complaint of April 11, 1935, was filed in compliance with act 125, and a copy of such complaint was served on appellant April 16, 1935, as shown by the sheriff's return. Appellant, while being questioned by the trial court, admitted receiving a letter from the Commissioner, informing him of the hearing, but said that he expected the trial to be in Chancery Court at Fordyce. He also claimed that he did not receive the information until after May 26, and that between date of entry and receipt of information his donation certificate had been cancelled, improvements of the value of $250 were made.

In view of the fact that actual service was had on appellant ten days prior to the hearing before the Commissioner, it was his duty, under the law, to appear and contest the Attorney General's charges that the donation certificate was fraudulently procured. If an adverse determination of the issue had then been announced, he had the right of appeal to the Pulaski Circuit Court. Having done neither, he was precluded from relying upon the donation certificate as a basis for issuance of the donation deed, and could not successfully plead the latter in the ejectment suit.

The court found that the rental value of the lands equaled the value of improvements made during the period appellant occupied the premises in good faith. We cannot say that this finding is not sufficiently supported by the evidence. Assuming, as we must, that the Commissioner's finding that the donation certificate had been fraudulently procured, the original entry was not in good faith. There was, therefore, nothing for the jury's consideration, and the court correctly declared the law.

Judgment affirmed.