Debra BREWER, Guardian of the Estates of Jerrod Roy
Brewer and Amber Tomi Brewer, Minors *v.* Sharon Brewer
LACEFIELD, Personal Representative of the Estate of Roy
Milton Brewer, Deceased

88-218                                                    784 S.W.2d 156

Supreme Court of Arkansas
Opinion delivered February 20, 1990

*Steven R. Davis*, for appellant.

*John Hainen*; and *Lavender, Rochelle, Barnette & Dickerson*, by: *G. William Lavender*, for appellee.

JACK HOLT, JR., Chief Justice. This appeal arises from an

order of distribution of the proceeds of a wrongful death action, as does its companion case decided today, *Jones* v. *Jones*, 301 Ark. 367, 784 S.W.2d 161 (1990). *Jones* is the subject of a separate opinion because its results are different.

On July 5, 1984, Roy Milton Brewer died in a motor vehicle accident near Ashdown, Arkansas. Herman Edwin Jones, William R. Gilham, and William T. Mills were also killed in the accident. Brewer was survived by his widow, appellee Sharon Brewer Lacefield, and two natural children by a previous marriage, Jerrod Roy Brewer and Amber Tomi Brewer. The probate court appointed the widow as personal representative of his estate.

The widow entered into a contingent fee contract with attorneys John Hainen of DeQueen and William Lavender of Texarkana, Arkansas, to pursue a claim for wrongful death, whereby she agreed to pay them one-third of all money and property collected. Brewer's ex-wife, appellant Debra Brewer, contracted with Jeb McNew of Nocona, Texas, and Steven R. Davis of North Little Rock, Arkansas, to represent her children in the wrongful death action. This contingent fee contract provided for the attorneys to receive one-third of all proceeds from the action.

Attorneys Hainen and Lavender filed suit on behalf of the personal representative against the driver of the truck, the trucking company, the leasing company, and the truck manufacturer, alleging that they were negligent. This case, along with an action filed by the personal representative of the estate of Herman Edwin Jones, was tried to a jury in federal court in Texarkana, Arkansas, from February 29 to March 3, 1988, with counsel for both parties actively participating in the trial.

The jury exonerated the manufacturer but found the other three defendants liable and awarded damages of $304,000: $4,000 to the estate and $100,000 each to the widow and the two natural children. The estate of Herman Jones and the beneficiaries obtained verdicts in the amount of $359,000.

The defendants had liability insurance of $500,000 to cover the accident. Prior to trial, the carrier settled with the estates of the other two men killed in the accident. The sum of $250,000 in

insurance proceeds remained available for distribution to the beneficiaries of the Jones estate and the Brewer estate.

On April 18, 1988, the personal representative of the Brewer estate filed a report of litigation and prayer for distribution in the Probate Court of Sevier County. Out of the proceeds available for distribution ($114,630.46), she proposed that Lavender and Hainen be reimbursed for litigation expenses in the amount of $1,916.87 and be paid $37,567.45 pursuant to their contingent fee contract. In addition, she stated that the judgment of the federal court awarded the estate $4,000. Out of this amount, she proposed payment of a claim by Henry C. Morris in the amount of $200; a claim by Southern Clinic in the amount of $841; and bills incurred by her for funeral expenses and travel in the amount of $2,959. Finally, she proposed that she and the children share equally in the balance remaining and recover $23,715.38 each.

The Brewer children, through their independent counsel, filed a separate petition for distribution and brief in support thereof. They objected to the personal representative's petition for distribution in that it made no allowance for attorneys' fees to be paid to the children's independent counsel; to the personal representative's proposal that the estate receive its entire $4,000 verdict, which was more than its pro rata share; and to her proposal that the claim of Henry Morris and Southern Clinic be paid out of the portion of the recovery attributable to the Brewer children. They asked that their counsel, pursuant to their contingent fee contract, receive one-third of the portion of the recovery payable to them (the children) and that the court only distribute to Hainen and Lavender one-third of the portion of the recovery payable to Sharon Brewer (Lacefield) and the estate.

After hearing oral argument, the probate court entered its order of distribution, predicated upon the personal representative's proposed order. From this order, the appellant appeals.

For reversal, the appellant first contends that the probate court erred in failing to award a proportionate share of attorneys' fees to independent counsel retained by her for the decedent's minor children.

## SELECTION OF ATTORNEYS AND FEES

Ark. Code Ann. § 16-62-102(b) (1987) provides that every wrongful death action shall be brought by and in the name of the personal representative of the deceased person. If there is not a personal representative, then the action shall be brought by the heirs at law of the deceased person. The wrongful death code provisions do not create an individual right in any beneficiary to bring suit. *Cude* v. *Cude*, 286 Ark. 383, 691 S.W.2d 866 (1985). However, the personal representative, in bringing suit for wrongful death, acts only as a trustee of conduit, and any proceeds recovered are for the benefit of the beneficiaries and not for the estate. *Dukes* v. *Dukes*, 233 Ark. 850, 349 S.W.2d 339 (1961); Ark. Code Ann. § 16-62-102(f) (1987).

It is the duty of the personal representative, not the beneficiaries, to choose counsel to pursue a wrongful death claim pursuant to our wrongful death code provisions. *See Cude, supra.*

In *Cude*, this court did indicate in closing dicta that a beneficiary may have her own counsel in a wrongful death case in order to protect her interests. However, we declined to address whether such counsel would be entitled to fees on a portion of the judgment or settlement since it was not raised.

With this issue now squarely before us, we hold that a beneficiary's attorney is not entitled to fees on a portion of wrongful death proceeds attributable to the beneficiary.

In short, a probate court has no jurisdiction to award attorneys' fees for services rendered to an individual beneficiary. *Paget* v. *Brogan*, 67 Ark. 522, 55 S.W. 938 (1900). *See also Croft* v. *Clark*, 24 Ark. App. 16, 748 S.W.2d 149 (1988).

Appellant cites two cases in support of her claim that her attorneys are entitled to fees, *Owens* v. *Gunther*, 75 Ark. 37, 86 S.W. 851 (1905), and *Greenlee* v. *Rowland*, 85 Ark. 101, 107 S.W. 193 (1908). However, neither case is pertinent to the issue before us.

In *Owens*, this court simply held that where a guardian claims an interest in his wards' property and a guardian *ad litem* is appointed to defend the wards' interests, the attorneys appearing on behalf of the wards are entitled to fees out of the wards'

estates. In *Greenlee*, this court held that where a minor employs an attorney to defend him in a suit brought by his guardian, the minor's estate is liable for the fee. The issue here is whether the attorneys can recover their fees from the wrongful death proceeds attributable to the children.

■ Granted, the beneficiaries may prefer to have independent counsel to protect their interests. However, as long as our code provisions provide that the personal representative is the party to bring the action, that party has the absolute right to choose counsel for that purpose. Should the personal representative or chosen counsel fail to provide adequate representation, application can be made to the probate court to either not approve or disallow the contracts entered into by the representative. In fact, a representative can even be removed if the court finds him or her unsuitable. Ark. Code Ann. § 28-48-105 (1987).

In sum, the beneficiaries are free to select counsel to see that their interests are protected, however, they must bear this expense.

## CONFLICT OF INTERESTS

Appellant also claims that the appellee's attorneys cannot recover a fee since they represented conflicting interests.

■ Rule 1.7 of the Model Rules of Professional Conduct provides in pertinent part:

> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests . . . .

This court has not addressed whether and under what circumstances a conflict of interest exists by virtue of simultaneous representation by an attorney of both the personal representative and the beneficiaries in a wrongful death suit.

Other courts have addressed this issue. These authorities make it clear that no conflict of interest exists simply by virtue of simultaneous representation of both a personal representative and the surviving relatives. *Hurt* v. *Superior Court of Arizona*, 124 Ariz. 45, 601 P.2d 1329 (1979); *Johnson* v. *Village of*

*Libertyville*, 150 Ill. App. 3d 971, 502 N.E.2d 474 (1986). Of course, under certain circumstances there may be a conflict. *Johnson, supra.*

In *Johnson*, the decedent's surviving spouse, as personal representative, filed a wrongful death suit. However, in the complaint he did not include a count for loss of society by the decedent's parents. The parents filed a motion to intervene, alleging that there was a conflict between their interests and those of the personal representative since his interest was in maximizing his degree of dependency and loss of consortium while minimizing their claim for loss of society.

The court held the parents had a right to intervene since it was clearly shown that the personal representative had acted in a manner indicating that he would not adequately represent the interests of the parents. In so holding, the court stated:

> [T]he mere fact that the administrator as surviving spouse had a personal interest in the outcome of this Wrongful Death action is not so conflicting, nor an interest so adverse to that of the petitioners that both cannot be adequately represented by the plaintiff .... [W]e do not find that there is a conflict of interest simply because the heirs and the personal representative might have interests that conflict in the wrongful death award. In other words, intervention is permitted here only because there is positive proof that the next of kin will not be adequately represented.

In *Roberts* v. *Gateway Motel of Grand Rapids, Inc.*, 145 Mich. App. 671, 377 N.W.2d 895 (1985), the court held that a new trial was not required on the ground that the interests of the decedent's mother, the personal representative, conflicted with those of the decedent's natural father in that: (1) the personal representative attempted to enhance the award of damages by describing the father's relationship with his son in favorable terms, and (2) counsel for the personal representative never called the conflict to the court's attention before trial, so that the court could resolve the problem in advance of trial.

As in *Roberts*, the appellant did not call to the probate court's attention before trial any conflicts between the personal representative, her counsel, and the beneficiaries or counsel for

the beneficiaries. In fact, there was not even a hint of any antagonism between the parties until it came time to distribute the proceeds of the federal court trial to the beneficiaries.

Appellant claims that a conflict of interest is apparent from the personal representative's recommended distribution of the proceeds. The personal representative proposed that the beneficiaries (the personal representative and the Brewer children) each be paid $23,715.38 of their $100,000 verdicts, and that the estate be paid its verdict of $4,000 in full.

We see no conflict resulting from this plan of distribution so adverse to the children's interest that they could not be adequately protected by the personal representative. In fact, she suggested that she, as a beneficiary, receive the same share as the children.

Appellant also alleges that a conflict of interest is apparent in that in October 1984, approximately three and one-half years before the trial of the wrongful death action, John Hainen, the attorney chosen by the personal representative, "prevailed on Mrs. Debra Brewer to sign away her children's interest in the State's death benefit" payable to both Sharon Brewer (Lacefield) and the children.

This allegation is unsupported by the evidence in the abstract. The abstract does reflect that Debra Brewer sought to waive her children's claim to death benefits provided by Ark. Stat. Ann. § 12-2348 (Repl. 1979), currently Ark. Code Ann. § 21-5-705 (1987). The order and findings of fact of the State Claims Commission reflect that it split $10,000 in benefits equally between Sharon Brewer (Lacefield) and the children. However, there is no convincing evidence that Hainen "prevailed on Mrs. Debra Brewer" to sign away her children's interest in the death benefits.

In sum, the appellant has not shown positive proof that the children's interests were not adequately represented by the personal representative. Furthermore, she voiced no objection to the personal representative's representation of the children's interest or selection of counsel until after the proposed order of distribution was filed, and she made no attempt to remove the personal representative pursuant to Ark. Code Ann. § 28-48-105

(1987).

## ERROR IN DISTRIBUTION OF FUNDS

Appellant also asserts that the probate court erred in awarding a disproportionate amount of the funds recovered to the estate of Roy Milton Brewer. We agree.

The beneficiaries were each awarded $100,000 of the total verdicts of $304,000, or 98.68421 % of the verdicts; the estate was awarded $4,000, or 1.31579% of the total verdicts. Insurance proceeds in the amount of $114,630.46 were available for distribution.

All parties agree that litigation expenses in the amount of $1,916.87 should be deducted from this amount, leaving $112,713.59. Appellee's attorneys get 33.33 % of $112,713.59, or $37,567.44. This leaves $75,146.15 available for distribution.

The probate court awarded the estate its entire jury verdict of $4,000, while reducing each beneficiary's share to $23,715.38. This was error. Monies due beneficiaries cannot be taken to pay the debts of the estate. *Dukes, supra.*

The beneficiaries should receive 98.68421% (their percentage of the total verdicts) of $75,146.15, which is $74,157.38, or $24,719.13 each. The estate should receive 1.31579% (its percentage of the verdicts) of $75,146.15, or $988.77.

In closing, we do note that Ark. Code Ann. § 16-62-102(e) (1987) provides that no part of any wrongful death recovery "shall be subject to the debts of the deceased or become, in any way, a part of the assets of the estate of the deceased person." However, appellant does not argue on appeal, pursuant to this provision, that none of the proceeds of the wrongful death action should have been distributed to the estate.

Affirmed in part; reversed in part.