Herman Edwin JONES, Jr., Angela Jones, Carolyn
Reynolds, Guardian of the Estate of Vicki Jones, and
Debbie Roller, Guardian of the Estate of Trey Jones *v.*
Terrie Dean JONES, Personal Representative of the Estate
of Herman Edwin Jones, Sr., Deceased

88-219                                              784 S.W.2d 161

Supreme Court of Arkansas
Opinion delivered February 20, 1990

*Wilson, Berry, Jorgenson & Fuqua*; and *Steven R. Davis*,
for appellants.

*John Hainen*; and *Lavender, Rochelle, Barnette & Dicker-
son*, by: *G. William Lavender*, for appellees.

JACK HOLT, JR., Chief Justice. This appeal arises from an
order of distribution of the proceeds of a wrongful death action
and is the companion case to another case decided today, *Brewer
v. Lacefield*, 301 Ark. 358, 784 S.W.2d 156 (1990).

On July 5, 1984, Herman Edwin Jones, Sr., died in a motor
vehicle accident near Ashdown, Arkansas. Roy Milton Brewer,
William R. Gilham, and William T. Mills were also killed in the
accident. Jones was survived by his widow, Terrie Dean Jones,
four natural children, and two stepchildren. The probate court

appointed the widow as personal representative of his estate.

The widow entered into a contingent fee contract with attorneys John Hainen of DeQueen and William Lavender of Texarkana, Arkansas, to pursue a claim for wrongful death, whereby she agreed to pay them one-third of all money and property collected. About the same time, the mothers of the four natural children entered into contingent fee contracts with attorney Ken Fuqua of Dallas, Texas, to prosecute a claim against those persons responsible for the death of Herman Jones.

Attorneys Hainen and Lavender filed suit on behalf of the personal representative against the driver of the truck, the trucking company, the leasing company, and the truck manufacturer, alleging that they were negligent. This case, along with a wrongful death action filed by the personal representative of the estate of Roy Milton Brewer, was tried to a jury in federal court in Texarkana, from February 29 to March 3, 1988, with counsel for both parties actively participating in the trial.

The jury exonerated the manufacturer but found the other three defendants liable and awarded damages of $359,000: $4,000 to the estate; $100,000 each to the widow and two minor natural children; and $15,000 each to two adult natural children; and $12,500 each to two stepchildren. Roy Brewer's widow, his estate, and his children obtained verdicts in the amount of $304,000.

The defendants had liability insurance of $500,000 to cover the accident. Prior to trial, the carrier settled with the estates of the other two men killed in the accident. The sum of $250,000 in insurance proceeds remained available for distribution to the beneficiaries of the Jones estate and the Brewer estate.

On April 21, 1988, the personal representative of the Jones estate filed a report of litigation and prayer for distribution in the Probate Court of Sevier County. Out of the gross pro rata recovery of $135,369.54, she proposed that attorneys Lavender and Hainen be reimbursed for litigation expenses in the amount of $1,926.68 and be paid, pursuant to the contingent fee contract, $44,476.52. In addition, she stated that the judgment of the federal court awarded the estate $4,000 for funeral expense, and that this amount should be paid to Griffin Funeral Home of

Corsica, Texas. She also recommended that she and the two minor natural children receive $23,934.18 each; that the two adult natural children receive $3,590.13 each; and that the two stepchildren receive $2,991.77 each.

The four natural children, through their independent counsel, contested the proposed distribution. The children objected to the personal representative's petition for distribution in that it made no allowance for attorney's fees to be paid to the children's independent counsel. They asked that counsel, pursuant to their contingent fee contract, receive forty percent (40%) of the portion of the recovery payable to them and that the court distribute to Hainen and Lavender one-third of the portion of the recovery payable to the widow, the stepchildren, and the estate.

After hearing oral argument, the probate court entered an order of distribution, predicated upon the personal representative's proposed order. From this order, the two adult natural children and the mothers of the two minor natural children appeal.

For reversal, appellants contend that the probate court erred in failing to equitably divide the attorneys' fees between counsel for the personal representative and counsel for the natural children.

As we held in the companion case decided today, counsel for individual beneficiaries is not entitled to attorneys' fees out of a portion of wrongful death proceeds attributable to the beneficiaries.

Appellants also make the argument, as was made in the companion case, that the appellee's attorneys cannot recover a fee since they represented conflicting interests. Appellants allege that a conflict of interest is apparent in that the personal representative was the fourth wife of the decedent and had been married to him less than six months at the time of his death; that "animosities coupled with greed that seems to surface in death and divorce, led the personal representative and her attorney, John Hainen, to seek benefits for herself to the exclusion of the natural children — from the federal government, the City of DeQueen, and the State of Arkansas"; that during trial, appellants offered to "submit the damage issue for all the Jones' heirs in

one lump sum, and split said sum on a $5\%/_{50}$ basis" but "[a]ppellee refused, apparently on the premise that she felt she should get a larger share of the pie to the exclusion of the natural children"; and that appellee has resisted appellants' request that their independent attorney receive compensation out of the wrongful death recovery.

Simply put, there is no evidence in the abstract that the personal representative or her attorneys took a position before trial or at trial so adverse to that of the natural children that they could not be adequately represented by the attorneys. All indications are that the representation of the children's interests was excellent. In fact, the natural children were awarded sixty-four percent (64%) of the total verdicts. Furthermore, appellants voiced no objection to the personal representative's or counsel's representation of their interests or to selection of counsel until after the proposed order of distribution was filed, and made no attempt to remove the personal representative pursuant to Ark. Code Ann. § 28-48-105 (1987).

Affirmed.