Karen R. Baker, Justice, dissenting. |7I must dissent from the majority’s opinion because I cannot agree with either the majority’s analysis or its conclusion to dismiss'this appeal without prejudice for lack of a final appealable order. The court need not reach the issue of whether the order is final under Rule 54. Instead, I would affirm the circuit court because a nonlawyer personal representative is not authorized to file a pro se complaint in a wrongful-death action, the circuit court did not have jurisdiction and Ark. Code Ann. § 16-62-102 correctly dismissed this action with prejudice. Although not raised by the parties, “we must raise issues of subject-matter jurisdiction even when such questions are not raised below.” Koonce v. Mitchell, 341 Ark. 716, 718, 19 S.W.3d 603, 605 (2000) (internal citations omitted). The majority states that the dissent “summarily concludes that Henson filed the complaint on behalf of David’s estate as a personal representative, which it claims raises an issue of subject matter jurisdiction. But the complaint does not appear to bring the action in the name of the estate. Rather, the original complaint’s caption reads simply ‘Geraldine Henson,’ suggesting she filed the original action on her own behalf as an heir. This may be a potential standing issue, but not one of subject matter jurisdiction. See Rhuland v. Fahr, 356 Ark. 382, 155 S.W.3d 2 (2004) (affirming circuit court’s dismissal of complaint because daughter lacked standing to bring wrongful death suit in her capacity as an heir).” However, this position is misplaced. The complaint unequivocally states “Complaint in Wrongful Death” and that Henson is the surviving spouse and “has been appointed as administratrix of the estate.” The record demonstrates that Henson was appointed administratrix on August 14, 2014. Further, the wrongful death statute under which Henson is suing specifically requires [ «that “every action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person.” Ark. Code Ann. § 16-62-102; Brewer v. Poole, 362 Ark. 1, 207 S.W.3d 458 (2005) (holding that “heirs at law” were those beneficiaries entitled to recovery under the wrongful death statute. Where there is no personal representative to bring a wrongful-death action, all statutory beneficiaries must be joined as plaintiffs to the action.). Here, Henson specifically pleaded that she had been appointed the administratrix of the estate, thus she was required to bring her wrongful death action in the name of the personal representative of the estate. Therefore, based on the record and the complaint, and giving effect to the substance of the pleading rather than the form, Henson sued as the administratrix of the estate. See Fort Smith Symphony Orchestra, Inc. v. Fort Smith Symphony Association, Inc., 285 Ark. 284, 686 S.W.2d 418 (1985), (“Pleadings shall be liberally construed so that effect is given Courts should not be guided blindly by titles but should look to the substance of motions to ascertain what they seek. It would not be in the interest of justice and fair play to be blindly guided by the title of a motion or pleading. We continue to abide by the well-established rule that a pleading will not be judged entirely by what it is'labeled but also by what it contains.”) Finally, even assuming- the majority is correct in its assessment that Henson intended to sue on her own behalf as heir, she could not, because the wrongful death statute requires every action be brought by the personal representative of the estate. Only if there is no personal representative' can a wrongful death action be maintained by the heirs at law. In sum, whetherHenson intended to sue as an administratrix or a statutory beneficiary, the complaint must be dismissed with prejudice. Inin Davenport v. Lee, 348 Ark. 148, 72 S.W.3d 85 (2002), wé addressed the issue of two nonlawyer administrators of an estate filing a pro se complaint on behalf of an estate in a wrongful-death action. The statute of limitations expired on February 11, 1999. On May 28, 1999, the administrator’s attorney filed an entry of appearance, as well as a pleading entitled “Addendum to Complaint.” The addendum claimed to change the style of the case to reflect the addition of another defendant and was the first pleading signed by an attorney in the action. Thereafter, the circuit court dismissed the complaint with prejudice after determining that the nonlawyer administrators could not have filed a valid complaint. The administrators appealed and we held that the administrators were not authorized to file the complaint, affirmed the circuit court, and held that the administrators’ pro se complaint was the “fruit of the unauthorized practice of law and thus a legal nullity.” We explained as follows: An, administrator acting on behalf of an estate does so in a fiduciary capacity. Arkansas Bar. Ass’n v. Union Nat’l Bank, 224 Ark. 48, 273 S.W.2d 408 (1954). At issue in that case was whether a bank acting as the personal representative of an estate had engaged in the unauthorized practice of law. This court concluded that “a person who is not a licensed attorney and who is acting as an administrator, executor or guardian cannot practice law in matters relating to his trusteeship on the theory that he is practicing for himself.” Id. at 51-52, 273 S.W.2d at 410. In reaching this conclusion, the court noted that a trustee or personal representative is not acting for himself and in connection with his own affairs, but to the contrary is acting for others who would ordinarily be the beneficiaries. This court further discussed the nature of the administrator’s role in Brewer v. Lacefield, 301 Ark. 358, 784 S.W.2d 156 (1990), and stated that an administrator acts only as a “trustee of conduit.” Id. at 362, 784 S.W.2d at 158 (citing Dukes v. Dukes, 233 Ark. 850, 853, 349 S.W.2d 339, 341 (1961); Ark. Code Ann. § 16-62-102(f) (1987)). This court further explained that proceeds from a wrongful-death action are for the sole benefit of the statutory beneficiaries and are held in trust by the administrator “for the benefit of the widow and next of kin.” Douglas v. Holbert, 335 Ark. 305, 314, 983 S.W.2d 392, 396 (1998); see also Brewer, 301 Ark. 358, 784 S.W.2d 156. Thus, Appellants as the administrators of Moore’s estate were acting on behalf of all the heirs at law when they filed this wrongful-death action. Davenport, 348 Ark. at 158-59, 72 S.W.3d at 90-91; see also Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005) (The Eighth. Circuit Court of Appeals affirmed the federal district court’s dismissal of an action filed by a nonlawyer administrator of an estate on behalf of a prisoner who had died while incarcerated. “The district court dismissed, applying Arkansas law on survival actions, which prohibits ‘a person who is not a licensed attorney and who is acting as an administrator, executor or guardian [from] practicing] law in matters relating to his trusteeship on the theory that he is practicing for himself.”’ Davenport v. Lee, 348 Ark. 148, 72 S.W.3d 85, 90 (2002), quoting Arkansas Bar Ass’n v. Union Nat’l Bank of Little Rock, 224 Ark. 48, 273 S.W.2d 408, 410 (1954).... Although not bound by Arkansas law on the procedural question of amendability, this court adopts the reasoning in Davenport. Adrian Jones committed the unauthorized practice of law-Because ‘[professional competence and professional responsibility are the sine qua non .of federal litigation and effective judicial response,’ the defect cannot be amended.”); Chase v. City of Earle, No. 3:09CV00167, 2010 WL 1658610, at *2 (E.D. Ark. Apr. 21, 2010) (The federal district court dismissed an action filed by a nonlawyer administrator on an estate on behalf of a prisoner that died while incarcerated and held “[i]t is also important to note that plaintiff filed this action pro se. Individuals who are not licensed attorneys can appear in the courts and engage in the practice of law provided that they do so for themselves and in connection with their own business. Stewart v. Hall, 198 Ark. 493, 129 S.W.2d 238 (1939). When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity. Jones, 401 F.3d at 952 (8th Cir. 2005). Moreover, a later appointed attorney cannot cure the complaint of its original defect. Davenport v. Lee, 348 Ark. 148, 155, 72 S.W.3d 85, 88 (2002). This rule protects the courts interests in ensuring that parties are represented by people knowledgeable and trained in the law. Jones, 401 F.3d at 952.”)). Further, the issue of what constitutes the unauthorized practice of law was thoroughly discussed by this court in Arkansas Bar Ass’n, 224 Ark. 48, 273 S.W.2d 408. We stated: It has been said in many opinions that it is not possible to give a definition of what constitutes practicing law that is satisfactory and all inclusive, and we make no such attempt. We do hold however that when one appears before a court of record for the purpose of transacting business with the court in connection with any pending litigation or when any person seeks to invoke the processes of the court in any matter pending before it, that person is engaging in the practice of law. T6 us this conclusion is obvious. Courts are constituted for the purpose of interpreting and administering the laws passed by the law making body and the rules announced by the judiciary, and they must necessarily be governed in their operation by rules of procedure. Attorneys are officers of the court and are able by special training and practice to know the law and rules of procedure, and are thereby in position to render a service to the court. Therefore anyone who assumes the role of assisting the court in its process or invokes the use of its mechanism is considered to be engaged in the practice of law. Id. at 53, 273 S.W.2d at 411. With these standards in mind, and reviewing Henson’s filings, it is clear that Henson invoked the processes of the court when she filed her complaint. Based on the law discussed above, Henson’s actions constituted an unauthorized practice of law, and her original complaint is therefore a nullity. Although the majority states that I have “put the cart before the horse,” this is simply inaccurate. The majority need not reach- the finality of the order because the complaint is a nullity, void and of no effect and the circuit court’s order therefore properly dismissed the matter. Therefore, it is not necessary to reach the majority’s finality analysis because a valid complaint was not filed within the statute of limitations. See Preston v. Univ. of Ark. for Med. Sciences, 354 Ark. 666, 128 S.W.3d 430 (2003) citing Davenport, supra (The dismissal was properly, entered with prejudice because the Prestons’s complaint was a |12nullity, and by the time -it -was dismissed, the statute of limitations on the medical malpractice had run, precluding the filing of a new complaint.) Finally, I must note that despite the circuit court’s flawed reasoning, the circuit court reached the correct result. The issue presented seeks a determination of the correct statute of limitations—two years or three years. The record demonstrates that David Henson died on October 7, 2012; therefore, the statute of limitations ran either on October 7, 2014, or on October 7, 2015. However, whether the statute of limitations was two years or three years is not important, because under either scenario Henson’s complaint was not timely filed. On October 5, 2015, Henson filed her pro se complaint on behalf of the estate. On November 16, 20Í5, on behalf of Henson, Henson’s lawyer filed an amended complaint. However, because Henson’s original complaint must be treated as a nullity, her amended complaint was not timely; therefore, the circuit court lacked jurisdiction. Simply put, the filing of a pro se complaint constituted the unauthorized practice of law; thus, rendered the complaint a nullity. Additionally, as discussed above, even if Henson were able to file the complaint as a statutory beneficiary as the majority suggests, all statutory beneficiaries must be joined as plaintiffs to the action, or the complaint is also a nullity, and Henson did not comply with this mandatory requirement.[1] Therefore, because no valid complaint was filed prior-to the expiration of the listwo-year or three-year limitations period, Henson was time-barred from bringing suit against Cradduck. In sum, a nonexistent complaint eannot be corrected or salvaged, the circuit court did not' have jurisdiction, and therefore, it correctly dismissed the complaint with prejudice. See Hackelton v. Malloy, 364 Ark. 469, 474, 221 S.W.3d 353, 357 (2006). Therefore, as discussed above, because the circuit court reached the right result albeit for the wrong reason, I would affirm the circuit court’s dismissal with prejudice. Goodson and Hart, JJ., join'in this opinion. . Here, if Henson had filed suit as a statutory beneficiary pursuant to Ark. Code Ann. § 16— 62-102 (b), Henson was required to join the statutory beneficiaries because “every action shall’be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be' brought by the heirs at law of the deceased person.” The requirement that a wrongful-death suit must join all of the statutory beneficiaries as parties .is a mandatory requirement. In Ramirez v. White Cty. Circuit Court, 343 Ark. 372, 381, 38 S.W.3d 298, 303 (2001) we explained, “the language of Ark. Code Ann. § 16—62—102(b) is clear and unambiguous. If there is no personal representative of the deceased person, then the action shall be brought by all the heirs at law of the deceased.... The Wrongful Death Statute, Ark. Code Ann. § 16—62—102(b), requires the.action be brought by all of the heirs at law.” “This rule dates back to this court's decision in McBride v. Berman, 79 Ark. 62, 94 S.W. 913 (1906). There, the court stated; ‘[t]hat in default of a personal representative an action brought under Lord Campbell’s Act must make the widow (if there be one) and the heirs at law parties thereto.’ Id. at 65, 94 S.W. at 914.” Davenport, 348 Ark. at 160, 72 S.W.3d 85 at 91.